COUNTY LAW, § 525 (1); ELECTION LAW, § 1-104 (5).
The public office of county clerk and the party office of chairman of the county political party are not incompatible, and in the absence of a prohibition by rule of the Supreme or County Court, may be held simultaneously by the same person.
John S Balzano, Esq. Assistant County Attorney, Oneida County
You inquire whether a county clerk may serve as chairman of the county political party.
The common law doctrine of incompatibility enunciates standards for determining whether one person may simultaneously hold two or more public offices. Two public offices are incompatible if there is inconsistency in their functions, so that contrariety and antagonism would result from one person simultaneously occupying both offices (People ex rel. Ryan vGreen, 58 N.Y. 295 [1874]). The incompatibility doctrine is applicable only to two or more public offices (ibid.).
The position of chairman of the county political party is a party office, not a public office (Election Law, § 1-104 [5]; Matter ofSulli v Board of Supervisors of the County of Monroe, 24 Misc.2d 310 [Sup Ct, Monroe Co, 1960]). Therefore, the doctrine of incompatibility would not apply to the party office of chairman of the county political party. From a practical standpoint, we see nothing in the duties of the party office that would interfere with the performance of the duties of the county clerk.
We have found no statutory or constitutional provision prohibiting a county clerk from also being the chairman of the county political party. The county clerk is the clerk of the supreme court and county court (County Law, § 525 [1]). We suggest that you review the rules of these courts in your county to determine if they contain a relevant prohibition.
We conclude that the public office of county clerk and the party office of chairman of the county political party are not incompatible, and in the absence of a prohibition by rule of court, may be held simultaneously by the same person.